**Paul F. PERATI et al., Appellants,**

v.

**UNITED STATES of America,
Appellee.**

No. 19355.

United States Court of Appeals
Ninth Circuit.

Nov. 8, 1965.

Paul F. Perati, in pro. per.

Ramsey Clark, Asst. Atty. Gen., Roger P. Marquis, Raymond N. Zagone, Attys., Dept. of Justice, Washington, D. C., Cecil F. Poole, U. S. Atty., A. Lawrence Burbank, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before POPE, KOELSCH and BROWNING, Circuit Judges.

POPE, Circuit Judge.

This is an appeal from a judgment condemning two lots or parcels of land belonging to the appellants and fixing and awarding compensation for the taking thereof. The land in question is situated within the exterior boundaries of Yosemite National Park in the State of California. These parcels were not Park land for the reason that prior to the creation of the Park homestead entry had been made thereon by a predecessor in interest of the appellants and a homestead grant had followed.

In its complaint seeking condemnation the United States alleged that these with other parcels were sought to be taken for use in connection with the administration, protection and development of the Yosemite National Park.

The appellants resisted the attempted condemnation primarily on the ground that the taking by the United States in this proceeding was not authorized by any Act of Congress. Judgment of condemnation was entered vesting title in the United States and fixing and awarding certain sums as compensation to the defendants who have now appealed. No question is raised as to the amount of compensation awarded.

We are of the opinion that appellants' contention that the taking and condemnation was not authorized by any Act of Congress is not well taken. Section 1 of an Act approved August 1, 1888, (Ch. 728, 25 Stat. 357, 40 U.S.C. § 257) provides that in every case in which an officer of the Government is authorized to procure real estate for public use, he may acquire the same by condemnation, under judicial process, whenever in his opinion it is necessary or advantageous to the Government to do so.

By an Act approved August 3, 1961, 75 Stat. 246, 249, an appropriation was made for the benefit of the National Park Service. It contained the following provisions: "For expenses necessary for the management and protection of the areas and facilities administered by the National Park Service, including protection of lands in process of condemnation; and for plans, investigations, and studies of the recreational resources (exclusive of preparation of detail plans and working drawings) and archeological values in river basins of the United States (except the Missouri River Basin); $21,786,500. * * For construction and improvement, without regard to the Act of August 24, 1912, as amended (16 U.S.C. 451), of buildings, utilities, and other physical facilities; the repair or replacement of roads, trails, buildings, utilities, and other facilities or equipment damaged or destroyed by fire, flood, or storm, or the construction of projects deferred by reason of the use of funds for such purposes; the acquisition of water rights; and not to exceed $5,350,000 for the acquisition of lands, interest therein, improvements, and related personal property; $34,476,000, to remain available until expended." In the case of United States v. Kennedy, 9 Cir., 278 F.2d 121, this court held that an appropriation similar to the foregoing constituted adequate authority to acquire tracts of land within a national park even though the appropriation Act contained no reference to the park. In our view that case cannot be distinguished from the one now before us.

Accordingly the judgment is affirmed.